---

**HENRY LEE WHITE,**

    **Petitioner,**

    **v.**                            **Case No. 26-CV-967-SCD**

**PAULA J. STOUDT,**[1]
  *Warden, Wisconsin Secure Program Facility,*

    **Respondent.**

---

### ORDER

---

    Henry Lee White is serving a lengthy prison sentence in Wisconsin for sexual assault and strangulation and suffocation. *See* Pet., at 2, ECF No. 1. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of the U.S. Constitution. *See id.* The matter was randomly assigned to me. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 73. White has requested to proceed without paying the $5.00 filing fee. *See* ECF No. 2. Although he has filed several documents indicating that the Wisconsin Secure Program Facility has not produced his prisoner trust account statement, *see* ECF Nos. 10, 11, 13, 15 & 16, the court received the statement on June 8, 2026, *see* ECF No. 9. Those requests will therefore be denied.

    White says he can't afford the filing fee because he lost his disability benefits as a result of his incarceration and because he has to pay restitution to the victims of his crimes. *See* ECF No. 2. However, the trust account statement shows a start balance of $0.00, an end balance

---

[1] The proper respondent in this habeas action is Paula J. Stoudt, the state officer who has custody over White. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

of $766.28, and an average monthly deposit of $223.90 over the last six months. *See* ECF No. 9. Based on that information, I am satisfied that White has the resources to pay the modest filing fee. *See* 28 U.S.C. § 1915(a).

I must also screen White's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 indicates that I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I generally analyze three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), . . . thereby giving the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66).

Since being convicted on December 5, 2025, White has tried to seek relief in the state courts. *See* Pet., at 2–4. On December 22, 2025, he filed a notice of appeal. The Wisconsin Court of Appeals dismissed the appeal as "prematurely filed" and extended the time to appoint counsel and request transcripts. *See id.* at 3; *see also* ECF No. 1-2 at 1. The remittitur issued on March 12, 2026. White insists that he should be excused from the federal exhaustion requirement because the state public defender still has not appointed him post-conviction

2

counsel and because the state courts lack jurisdiction over him. *See* Pet., at 6–8; *see also* ECF Nos. 4 & 6.

"[T]he exhaustion requirement is neither ironclad nor unyielding." *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023). "Congress envisioned circumstances, however rare, where there may exist 'an absence of available State corrective process' or where state remedies prove 'ineffective to protect the rights of the applicant.'" *Id.* (quoting 28 U.S.C. § 2254(b)(1)(B)). For example, Seventh Circuit "case law makes clear that a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Id.* (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)).

White has not demonstrated that he should be excused from the requirement that petitioners exhaust their state-court remedies before seeking federal habeas relief. He filed his initial state-court appeal just seventeen days after the judgment of conviction was entered and before any transcripts were produced or requested and while the courts were still sorting out the counsel issue. He complains that, months later, he still doesn't have a lawyer. But several months' delay is not inordinate. (I encourage White to check with the state public defender office on the status of the appointment.) White correctly notes that his state-court case has returned to the trial court. See ECF No. 6 at 1–2. He argues that the trial court's judgment of conviction is invalid due to allegedly improper police conduct. *See id.* at 2–7. That issue, however, is not jurisdictional and can be raised during his state-court appeal. In other words, White has not shown that his state-court remedies are unavailable or ineffective.

Accordingly, for all the foregoing reasons, the court **DENIES** the petitioner's motion for leave to proceed *in forma pauperis*, ECF No. 2; the petitioner's motion for appointment of

3

counsel, ECF No. 4; the petitioner's motions for extension of time, ECF Nos. 13 & 16; the petitioner's motion for order of subpoena, ECF No. 14; and the petitioner's motion for order of trust account statement, ECF No. 15. The court also **DENIES without prejudice** the petition, ECF No. 1, for failure to exhaust state-court remedies; **DENIES** a certificate of appealability; and **DISMISSES** this action. The clerk of court shall enter judgment denying the petition without prejudice and dismissing this action. The petitioner must pay the $5.00 filing fee.

      **SO ORDERED** this 18th day of June, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

4