**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**HENRY LEE WHITE,**

**Petitioner,**

**v.** **Case No. 26-CV-967-SCD**

**PAULA J. STOUDT,**
***Warden, Wisconsin Secure Program Facility,***

**Respondent.**

---

**ORDER DENYING PETITIONER'S MOTIONS**

---

Wisconsin state prisoner Henry White again requests permission to appeal *in forma pauperis* the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 38. He also requests a certified trust fund account statement. *See* ECF Nos. 40. I previously denied White's request to appeal without paying the filing fee because I could not find that his appeal was taken in good faith. *See* ECF No. 33; 28 U.S.C. § 1915(a)(3). Again, the court **DENIES** the petitioner's motion for leave to proceed *in forma pauperis* because his appeal is not taken in good faith. To proceed with his appeal, White must either file a motion to proceed on appeal in forma pauperis in the court of appeals, see Fed. R. App. P. 24(a)(5), or pay the full appellate filing fee.

The court also **DENIES** the petitioner's motion for an order for a certified trust account statement, ECF Nos. 40, because the trust account statement the court has is sufficient. Lastly, White asks the court to appoint counsel to represent him on appeal from this court's denial of his petition for a writ of habeas corpus. *See* ECF No. 26, 41.

The Criminal Justice Act allows a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254 only if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To begin, the petitioner must demonstrate that he is "financially eligible," § 3006A(a)(2), and that he has made "a reasonable attempt to obtain counsel or been effectively precluded from doing so," *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).

If a petitioner satisfies these preliminary requirements, the court must then examine "whether the difficulty of the case—factually and legally—exceeds the particular [petitioner's] capacity as a layperson to coherently present it . . . himself." *Eagan*, 987 F.3d at 682 (quoting *Pruitt*, 503 F.3d at 655). "Although there are no fixed criteria for determining whether a [petitioner] is competent to litigate his own case, a district court certainly should consider the [petitioner's] literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Similarly, there are no fixed criteria for evaluating the factual and legal difficulty of the [petitioner's] claims." *Id.* That said, the Seventh Circuit has stressed that "complexity increases and competence decreases as a case proceeds to the advanced phases of litigation." *Eagan*, 987 F.3d at 683 (quoting *James v. Eli*, 889 F.3d 320, 327 (7th Cir. 2018)).

I am not convinced that appointing counsel would serve the interests of justice in this case. To begin, White has shown that he has unsuccessfully retained counsel. *See* ECF No. 41 at 4. I also found that White cannot afford the appellate filing fee and is therefore unlikely to be able to afford counsel. *See* ECF No. 33 at 2. But White has not shown that this case is so factually and legally difficult that it exceeds his ability to coherently present it himself.

The underlying merits of White's case may meet the complexity requirement, but that is not the issue White seeks counsel for. He instead argues that he should have counsel on appeal to challenge this court's dismissal of his habeas petition for failure to exhaust his state court remedies. The factual and legal complexity of White's argument therefore turns on whether his circumstances could excuse the ordinary exhaustion requirement.

Usually, an exception to the exhaustion requirement is reserved for cases "where there may exist 'an absence of available State corrective process' or where state remedies prove 'ineffective to protect the rights of the applicant.'" *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023).

As I previously noted, White has not shown that this exception should apply. I explained that

> White has not demonstrated that he should be excused from the requirement that petitioners exhaust their state-court remedies before seeking federal habeas relief. He filed his initial state-court appeal just seventeen days after the judgment of conviction was entered and before any transcripts were produced or requested and while the courts were still sorting out the counsel issue. He complains that, months later, he still doesn't have a lawyer. But several months' delay is not inordinate. (I encourage White to check with the state public defender office on the status of the appointment.) White correctly notes that his state-court case has returned to the trial court. *See* ECF No. 6 at 1–2. He argues that the trial court's judgment of conviction is invalid due to allegedly improper police conduct. *See id.* at 2–7. That issue, however, is not jurisdictional and can be raised during his state-court appeal. In other words, White has not shown that his state-court remedies are unavailable or ineffective. *See* ECF No. 22 at 3.

Although the exhaustion requirement may admit of exceptions in some circumstances, this case does not appear to fall near their boundaries. The relevant facts are limited and do not present unusual legal complexity. Courts are well-schooled in these matters and usually do not need extensive briefing from counsel. Further, White, through his filings, demonstrates that he understands the basis of his claim and can articulate his position coherently. Thus, I

conclude that he can present his argument to the Seventh Circuit in much the same way he did to this court. *See Eagan*, 987 F.3d at 682.

The motion to proceed IFP on appeal is DENIED. The motion for a certified trust fund statement is DENIED. His motion to appoint counsel is likewise **DENIED**.

**SO ORDERED** this 15th day of September, 2026.

STEPHEN C. DRIES
United States Magistrate Judge